Kamala D. Harris, State Bar No. 146672
Attorney General of California
Susan S. Fiering, State Bar No. 121621
Supervising Deputy Attorney General
Timothy E. Sullivan, State Bar No. 197054
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 622-4038
 Fax:  (510) 622-2270
 E-mail:  Timothy.Sullivan@doj.ca.gov
*Attorneys for Plaintiff Department of Toxic Substances Control*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,**<br><br>Plaintiff,<br><br>v.<br><br>**TRI-AIR, INC.; CHARLES ROBINSON; and ROBERT NASH,**<br><br>Defendants. | CIV. F-02-6137 LJO SMS<br><br>**SETTLEMENT AGREEMENT AND CONSENT DECREE BETWEEN DTSC AND TRI-AIR, INC., CHARLES ROBINSON, ROBERT NASH, AND JERRY McDONALD** |

**INTRODUCTION**

Plaintiff, the California Department of Toxic Substances Control ("DTSC"), filed a complaint on September 17, 2002, (the "Complaint") in the United States District Court for the Eastern District of California (the "Court"), pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq., and California state law governing the release of hazardous substances, and nuisance.  This Consent Decree embodies the settlement reached between DTSC and Tri-Air, Inc., Charles Robinson, Robert Nash, and Jerry McDonald (collectively referred to herein as "Settling Parties").

1

The Court, on the motion and with the consent of DTSC and the Settling Parties, hereby **ORDERS, ADJUDGES, AND DECREES** as follows:

1. **DEFINITIONS**

   A. All terms used in this Consent Decree that are defined in section 101 of CERCLA, 42 U.S.C. § 9601, shall have the same meaning set forth in that section.

   B. "DTSC," as used in this Consent Decree, shall mean DTSC, its predecessors including, but not limited to, the Toxic Substances Control Program of the State of California Department of Health Services, and its successors.

   C. "Site" means the property known as 915 Tenth Street, Firebaugh, Fresno County, California, (County of Fresno Assessor's Parcel Number 008-230-02S) and all locations where hazardous substances released at, in, or from 915 Tenth Street, Firebaugh, Fresno County, California, are located or may come to be located in the future.

   D. "Response Costs," as used in this Consent Decree, shall include all costs of "removal," "remedial action," or "response" (as those terms are defined by section 101 of CERCLA), incurred or to be incurred by DTSC in response to the release or threatened release of hazardous substances at, in, or from the Site. Said term shall include, but not be limited to, direct labor costs; contractor, consultant and expert costs; travel and any other out-of-pocket expenses; the costs of identifying, developing evidence against, and pursuing claims against persons or entities liable for the release or threatened release of hazardous substances at, in, or from the Site; indirect costs; oversight costs; applicable interest charges; and attorneys' fees as allowed by law.

   E. "Effective Date" is the day on which this Consent Decree is entered as an order of the Court.

2. **RECITALS**

   A. DTSC is the California state agency with primary jurisdiction over the response to the release and threatened release of hazardous substances at, in, or from the Site.

   B. By and through its Complaint, DTSC seeks to recover jointly and severally from Tri-Air, Inc., Charles Robinson, and Robert Nash all costs it has incurred in response to releases

and/or threatened releases of hazardous substances at, in, or from the Site, pursuant to section 107(a) of CERCLA. DTSC also seeks a declaratory judgment that these defendants are jointly and severally liable for all additional costs incurred by DTSC in response to the releases and/or threatened releases of hazardous substances at, in, or from the Site pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2). DTSC alleges that it will continue to incur Response Costs until implementation, operation and maintenance of a remedy for contamination at the Site is completed. DTSC also seeks injunctive relief to abate a public nuisance (California Health and Safety Code section 58009) and to abate an imminent or substantial endangerment to public health and safety or to the environment (California Health and Safety Code section 25358.3).

C.   Defendant Charles Robinson brought claims for contribution pursuant to section 113(f) of CERCLA, contribution pursuant to California Health and Safety Code section 25363(e), and declaratory relief pursuant to section 113(g) of CERCLA against Robert Nash and Jerry McDonald. Jerry McDonald brought various statutory and equitable contribution and indemnity claims and a breach of contract claim against Tri-Air, Inc., Charles Robinson, and/or Robert Nash.

D.   Each of the parties to this Consent Decree represents and acknowledges that, in deciding whether to enter into this Consent Decree, it has not relied on any statement of fact, statement of opinion, or representation, express or implied, made by any other party to this Consent Decree. Each of the parties to this Consent Decree has investigated the subject matter of this Consent Decree to the extent necessary to make a rational and informed decision to execute it and has had the opportunity to consult independent counsel.

E.   DTSC and the Settling Parties agree that settlement without further litigation and without the admission or adjudication of any issue of fact or law is the most appropriate means of resolving this action. This Consent Decree was negotiated and executed by DTSC and the Settling Parties in good faith to avoid prolonged and complicated litigation. DTSC, moreover, has negotiated and executed this Consent Decree to further the public interest and to protect human health and the environment.

3. **JURISDICTION**

This Court has jurisdiction over DTSC's federal law claims, which arise under CERCLA, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). This Court has jurisdiction over DTSC's and the Settling Parties' state law claims under the supplemental jurisdiction provision of 28 U.S.C. § 1367(a) and under 28 U.S.C. § 2201, in that the state and federal claims arise from common facts relating to the release of hazardous substances and remediation of or failure to remediate the resulting contamination. This Court has personal jurisdiction over each of the parties to this Consent Decree. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b). This Court, further, has the authority to enter this Consent Decree as a consent decree of the Court.

4. **SETTLEMENT OF DISPUTED CLAIMS**

4.1 This Consent Decree represents a fair, reasonable, and equitable settlement of the matters addressed herein.

4.2 For the purposes of this Consent Decree, the Settling Parties admit none of the allegations of the Complaint. Nothing in this Consent Decree shall be construed as an admission of liability, of any issue of law or fact, or of any violation of law. Notwithstanding the foregoing, each of the Settling Parties acknowledges its responsibility pursuant to this Consent Decree to perform those acts it has agreed to undertake in this Consent Decree, and shall not deny such responsibility in any proceeding brought by DTSC to enforce this Consent Decree.

4.3 Except as set forth in section 10 of this Consent Decree, nothing in this Consent Decree shall prejudice, waive, or impair any right, remedy or defense that the Settling Parties may have in any other or further legal proceeding.

5. **PAYMENTS BY SETTLING PARTIES**

5.1 Upon the Effective Date, the Settling Parties shall be liable to DTSC for a total payment of eight hundred thousand dollars ($800,000.00). Within thirty (30) calendar days of the Effective Date, the Settling Parties shall pay this amount to DTSC as described below in section 5.3.

5.2     The $800,000.00 payment described in section 5.1 above includes payment, as required by California Code of Regulations, title 22, section 67391.1(h), of all costs associated with the administration of the Land Use Covenant to be recorded pursuant to section 6.2 below, except for those costs of administration necessary to enforce the Land Use Covenant.

5.3     The payment described in section 5.1 will be made by check(s) made out to the California Department of Toxic Substances Control and identified with the Court's docket number of this case and "Site No. 100149."  Payment shall be mailed to:

    Department of Toxic Substances Control
    Cashier, Hazardous Substance Account
    P. O. Box 806
    Sacramento, CA 95812-0806

    Copies of the check shall be mailed to:

    Allen K. Wolfenden, Performance Manager
    San Joaquin & Legacy Landfills Office
    Attn:  Danny Domingo
    Department of Toxic Substances Control
    1515 Tollhouse Road
    Clovis, California 93611

    Timothy E. Sullivan
    Office of the Attorney General
    P.O. Box 70550
    Oakland, CA 94612

6.     **OBLIGATIONS OF TRI-AIR, INC., AND CHARLES ROBINSON**

6.1     Immediately upon entry of this Consent Decree, Tri-Air, Inc., and Charles Robinson will require their consultants and contractors to provide to DTSC in electronic format historical site data, site figures, groundwater model files, and word processing files containing the text of final reports previously submitted to DTSC in paper form by them, to the extent those items are available in electronic format.

6.2     Tri-Air, Inc., and Charles Robinson shall ensure that a Land Use Covenant substantially in the form specified in Exhibit A that is enforceable under the laws of California is recorded within ten (10) calendar days of receipt of a fully executed original of the Land Use Covenant.

5

6.3   Tri-Air, Inc., and Charles Robinson agree to allow DTSC, its agents, contractors, and other persons as deemed necessary by DTSC reasonable access to and use of property under its control or ownership in Firebaugh, California, for the purposes of performing response actions, including but not limited to the installation of injection, extraction, and/or monitoring wells and the taking of soil, air, and/or groundwater samples.  Such access to and use of property will be granted to DTSC free of charge.  Tri-Air, Inc., and Charles Robinson agree that they will work with DTSC in a cooperative manner to ensure that any removal and remedial actions can proceed expeditiously with a minimum of procedural delays.

6.4   Except as otherwise stated in sections 3.05 and 4.07 of Exhibit A and sections 6.1, 6.2, and 6.3 herein, nothing in this Consent Decree requires any Settling Party to conduct or pay for any further work at the Site.

7.   **GOVERNMENT LIABILITIES**

Neither DTSC nor any other department or agency of the State of California shall be liable for any injuries or damages to persons or property resulting from acts or omissions by the Settling Parties in carrying out activities pursuant to this Consent Decree.  Neither DTSC nor any other department or agency of the State of California shall be held as a party to any contract entered into by the Settling Parties or their agents in carrying out activities pursuant to this Consent Decree unless the contract is entered into in writing by DTSC or such other department or agency of the State of California.

8.   **COVENANT NOT TO SUE BY DTSC**

8.1   Except as specifically provided in sections 8.2 and 9, below, and except as may be necessary to enforce the terms of this Consent Decree, as of the date this Consent Decree is entered as a consent decree of the Court, DTSC covenants not to sue each of the Settling Parties for "Matters Addressed" by this Consent Decree.  This covenant not to sue is only applicable to a Settling Party that has met its obligations under this Consent Decree. "Matters Addressed" includes any and all civil liability for reimbursement of all or any portion of DTSC's Response Costs, past or future, declaratory relief, injunctive relief or any other relief under CERCLA, the

Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et seq., or common law for liability for Response Costs and/or response actions, with regard to releases or threatened releases of hazardous substances occurring at, in, or from the Site prior to the signature of this Consent Decree by Settling Parties and any subsequent migration of such releases.

8.2   "Matters Addressed" shall not include, and the covenant not to sue set forth in section 8.1 above does not pertain to, any matters other than those expressly specified in section 8.1. DTSC reserves, and this Consent Decree is without prejudice to, all rights, claims and causes of action DTSC may have against the Settling Parties with respect to all other matters, including releases or threatened releases of hazardous substances at, in, or from locations other than the Site and releases or threatened releases of hazardous substances occurring at, in, or from the Site after the signature of this Consent Decree by Settling Parties.

9.  **RESERVATION OF RIGHTS**

9.1   The Covenant Not to Sue set forth in section 8.1 above does not pertain to the following matters, which DTSC reserves, and this Consent Decree is without prejudice to all rights and claims of DTSC against the Settling Parties with respect to the following:

(a)   failure of the Settling Parties to meet the requirements of this Consent Decree;

(b)   damage to natural resources, as defined in section 101(6) of CERCLA, 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees; and

(c)   criminal liability.

9.2   Except as expressly provided in this Consent Decree, nothing in this Consent Decree is intended nor shall it be construed to preclude DTSC from exercising its authority under any law, statute or regulation.  Furthermore, nothing in this Consent Decree is intended, nor shall it be construed, to preclude any other state agency, department, board or entity or any federal entity from exercising its authority under any law, statute or regulation.

10.  **COVENANT NOT TO SUE BY THE SETTLING PARTIES**

10.1   The Settling Parties covenant not to sue, and agree not to assert any claims or causes of action against, DTSC, or its contractors or employees, for any costs or damages the Settling Parties might incur or for any injuries or losses the Settling Parties might suffer as a result of their performance of the requirements of this Consent Decree.  The Settling Parties further covenant not to sue, and agree not to assert any claims or causes of action against, DTSC, or its contractors or employees, for any and all civil liability for reimbursement of all or any portion of the Settling Parties' response costs, past or future, declaratory relief, injunctive relief or any other relief under CERCLA, the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et seq., or common law for liability for response costs and/or response actions, with regard to releases or threatened releases of hazardous substances at, in, or from the Site.

10.2   Each Settling Party covenants not to sue, and agrees not to assert any claims or causes of action against any other Settling Party, or its contractors or employees, for any and all civil liability for reimbursement of all or any portion of the Settling Party's Response Costs, past or future, declaratory relief, injunctive relief or any other relief under CERCLA, the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et seq., or common law for liability for response costs and/or response actions, with regard to releases or threatened releases of hazardous substances at, in, or from the Site that are subject to the covenant not to sue by the DTSC as provided in sections 8.1 and 8.2.

11.   **EFFECT OF CONSENT DECREE**

11.1   This Consent Decree constitutes the resolution of the Settling Parties' liability to DTSC with respect to the Matters Addressed in a judicially approved settlement within the meaning of section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

11.2   Accordingly, upon entry of this Consent Decree as a consent decree of the Court, and provided that each Settling Party performs all of its obligations under this Consent Decree, each Settling Parties shall be entitled, as of the date this Consent Decree is entered as a consent decree of the Court, to protection against all claims for contribution, pursuant to 113(f)(2) of CERCLA,

42 U.S.C. § 9613(f)(2), for the Matters Addressed by this Consent Decree (as described in section 8), to the fullest extent permitted by law.

11.3   Except as specifically provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall be construed, to waive, release, or otherwise affect any right, claim, or cause of action held by any party to this Consent Decree against, or to provide a covenant not to sue to, any third person not a party to this Consent Decree, or to in any way limit, restrict, or impair the right of any party to this Consent Decree to assert rights, claims, causes of actions, and defenses against any third person not a party to this Consent Decree, including without limitation, the right to seek payment, reimbursement, contribution, or indemnity from such persons for obligations incurred or to be incurred, or actions taken or to be taken, under this Consent Decree. Except as specifically provided in this Consent Decree, DTSC and the Settling Parties expressly reserve any rights, claims, or causes of actions they might have against any third person not a party to this Consent Decree.

11.4   This Consent Decree is contingent and dependent on all of its terms being approved and entered by the Court.  If the Court does not approve and enter this Consent Decree, DTSC and the Settling Parties reserve all of their respective rights, remedies, and defenses.

11.5   This Consent Decree is not intended, nor shall it be construed, to limit or otherwise affect DTSC's right to select a remedial action for the Site.

12.   **RETENTION OF RECORDS**

12.1   The Settling Parties shall provide to DTSC, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating to the implementation of this Consent Decree, including, but not limited to design specifications, reports of construction activities, contracts, invoices, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, easements, permits, grants of access to public property, and city government resolutions.  Such records shall be preserved by the Settling Parties until 10 years after the Effective Date, or 10 years after creation of a record or document, whichever is later.

12.2  The Settling Parties may assert that certain documents, records, and other information are privileged under the attorney client privilege or any other privilege recognized by law.  If the Settling Parties assert such a privilege, they shall provide DTSC with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient of the document, record, or information; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by the Settling Parties.  However, no documents, records, or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to DTSC in redacted form to mask the privileged information only.  The Settling Parties shall retain all records and documents they claim to be privileged until DTSC has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Parties' favor.

13. **NOTIFICATION**

13.1. Notification to or communication between the parties to this Consent Decree as required or provided for in this Consent Decree shall be addressed as follows:

As to DTSC:

Allen K. Wolfenden, Performance Manager
San Joaquin & Legacy Landfills Office
Attn:  Danny Domingo
Department of Toxic Substances Control
1515 Tollhouse Road
Clovis, California 93611

Joseph F. Smith
Senior Staff Counsel
Department of Toxic Substances Control
1001 I Street, 23rd Floor
Sacramento, CA 95814-2828
P.O. Box 806
Sacramento, CA 95812-0806

Timothy E. Sullivan, Esq.
Deputy Attorney General
California Department of Justice

```
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
facsimile: (510) 622-2270
```

As to Tri-Air and Charles Robinson:

```
Tri-Air, Inc. c/o Charles Robinson
3700 W. Barstow Ave. #122
Fresno, CA 93711
```

As to Robert Nash:

```
Robert Nash, Sr.
P.O. Box 396
Firebaugh, CA 93622
```

As to Jerry McDonald:

```
Lee N. Smith
Stoel Rives LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
```

13.2. Upon 10 days notice to the other party, a party to this Consent Decree may substitute another person for an addressee named above to receive notifications or communications as required or provided for in this Consent Decree.

14. **MODIFICATION OF CONSENT DECREE**

This Consent Decree may only be modified upon the written agreement of DTSC and the Settling Parties and the approval of the Court, or upon order of the Court after noticed motion by a party to this Consent Decree.

15. **APPLICATION OF CONSENT DECREE**

This Consent Decree shall apply to and be binding upon DTSC, the Settling Parties, and each of their respective successors and assigns. The provisions of this Consent Decree shall inure to the benefit of DTSC, the Settling Parties, and each of their respective successors and assigns. The provisions of this Consent Decree shall also inure to the benefit of the employees, agents, and partners of the Settling Parties, in their capacities as such.

16. **AUTHORITY TO ENTER**

Each signatory to this Consent Decree certifies that he or she is fully authorized by the

party he or she represents to enter into this Consent Decree, to execute it on behalf of the party represented, and legally to bind that party.

### 17. **INTEGRATION**

This Consent Decree, including the exhibits and other materials incorporated herein by reference, constitutes the entire agreement between DTSC and the Settling Parties and may not be amended or supplemented except as provided for in this Consent Decree.

### 18. **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Consent Decree.

### 19. **EXECUTION OF DECREE**

This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

### 20. **INTERPRETATION**

California law governs the interpretation of this Consent Decree.  This Consent Decree shall be deemed to have been drafted equally by all parties hereto.

### 21. **ATTORNEYS FEES AND COSTS**

As to each other, each party to this Consent Decree shall bear its own costs, attorneys' fees, expert witness fees and all other costs of litigation.  This paragraph shall have no effect on the parties' right to recover these fees or costs from any other party.

### 22. **APPROVALS OF PARTIES**

Plaintiff DTSC consents to this Consent Decree by its authorized representative as follows:

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL

Dated:  January 19, 2012

/s/ Allen K. Wolfenden
_____
ALLEN K. WOLFENDEN
PERFORMANCE MANAGER,
SAN JOAQUIN & LEGACY LANDFILLS OFFICE
CALIFORNIA DEPT. OF TOXIC SUBSTANCES CONTROL

Tri-Air, Inc., consents to this Consent Decree by its authorized representative as follows:

Dated: February 6, 2012

/s/ Charles Robinson
_____
CHARLES ROBINSON
PRESIDENT
TRI-AIR, INC.

Charles Robinson consents to this Consent Decree:

Dated: February 6, 2012

/s/ Charles Robinson
_____
CHARLES ROBINSON

Robert Nash consents to this Consent Decree:

Dated: _____, 2012

/s/ Robert Nash
_____
ROBERT NASH

Jerry McDonald consents to this Consent Decree:

Dated: January 24, 2012

/s/ Jerry McDonald
_____
JERRY MCDONALD

APPROVED AS TO FORM:

Dated: January 12, 2012

KAMALA D. HARRIS
Attorney General of California
SUSAN S. FIERING
Supervising Deputy Attorney General

/s/ Timothy E. Sullivan

TIMOTHY E. SULLIVAN
Deputy Attorney General
*Attorneys for California Department of Toxic Substances Control*

Dated: February 7, 2012

LAW OFFICES OF GARY M. FACHIN

/s/ Gary M. Fachin

GARY M. FACHIN

13

*Attorneys for Tri-Air, Inc. and Charles Robinson*

14

Settlement Agreement and Consent Decree (CIV. F-02-6137 LJO SMS)

| | |
|---|---|
| Dated:  February 6, 2012 | PARICHAN, RENBERG, CROSSMAN & HARVEY LAW CORPORATION |
| | /s/ Michael L. Renberg |
| | MICHAEL L. RENBERG<br>*Attorneys for Robert Nash* |
| Dated:  February 6, 2012 | STOEL RIVES LLP |
| | /s/ Lee N. Smith |
| | LEE N. SMITH<br>*Attorneys for Jerry McDonald* |

[Pursuant to Local Rule 131(f), the signatures of the above parties and counsel are being electronically filed as an attachment to this document.]

IT IS SO ORDERED.

Dated:  **March 9, 2012**                              **/s/ Lawrence J. O'Neill**
                                                                        UNITED STATES DISTRICT JUDGE

15

Settlement Agreement and Consent Decree  (CIV. F-02-6137 LJO SMS)